UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. GUZMAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, et al.,<br><br>        Defendants. | 1:19-cv-01644-NONE-GSA-PC<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT FOR LACK OF SIGNATURE**<br>**(ECF No. 11.)**<br><br>**ORDER FOR PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT BEARING HIS SIGNATURE WITHIN THIRTY DAYS** |

      Juan C. Guzman ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On November 16, 2020, Plaintiff filed the First Amended Complaint for this action. (ECF No. 11.) The First Amended Complaint is not signed by Plaintiff. All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). Therefore, the First Amended Complaint shall be stricken from the record, with leave to amend within thirty days.

      Plaintiff is cautioned that the First Amended Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure and fails to state any claims upon which relief may be granted under §

1983. Before Plaintiff prepares the Second Amended Complaint, he is advised to review the court's first screening order issued on September 9, 2020. (ECF No. 7.)

### Rule 8(a) of the Federal Rules of Civil Procedure

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff has not complied with Rule 8(a) in the First Amended Complaint. The First Amended Complaint consists of only exhibits attached to the face page of a complaint form. Plaintiff cannot succeed with this case unless he states a cognizable § 1983 claim. To state a claim, Plaintiff must allege facts showing that each individual named Defendant personally acted against him in a way that violated Plaintiff's rights under the Constitution or another federal law, causing Plaintiff harm. Plaintiff must write down a Statement of Facts in the complaint explaining what happened, where it happened, and when it happened, preferably in chronological order. Plaintiff must also include a Request for Relief stating what relief he seeks if he prevails in this case, such as monetary damages or injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on November 16, 2020, is STRICKEN from the record for lack of signature;
2. The Clerk's Office shall send Plaintiff a § 1983 form complaint;

3. Within thirty days from the date of service of this order, Plaintiff is required to file a Second Amended Complaint bearing Plaintiff's original signature; and
4. Plaintiff's failure to comply with this order shall result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **October 22, 2021**              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE