# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. GUZMAN,<br><br>             Plaintiff,<br><br>     vs.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, et al.,<br><br>             Defendants. | **1:19-cv-01644-JLT-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, AND FOR FAILURE TO STATE A § 1983 CLAIM, WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS**<br>**(ECF No. 14.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

## I.     BACKGROUND

Juan C. Guzman ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 20, 2019.  (ECF No. 1.)  On September 9, 2020, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.)

On November 16, 2020, Plaintiff filed the First Amended Complaint.  (ECF No. 11.)  On October 25, 2021, the Court issued an order striking the First Amended Complaint for lack of signature, with leave to amend.  (ECF No. 12.)  On November 12, 2021, Plaintiff filed the Second Amended Complaint which is now before the court for screening.  (ECF No. 14.)  28 U.S.C. § 1915.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names as defendants the Orange County Superior Court of California, Sheila Hanson (District Attorney), Janice Brooks-Gary (District Attorney), Danni Murphy (Public Defender), Dyke Huish (Public Defender), and Brian Cates (Warden, CCI).

Plaintiff's allegations, which are vague and rambling, follow:

**Claim #1 – Due Process**

*As to District Attorneys Sheila Hanson and Janice Brooks-Gary*:

There was no due process that these prosecutors submitted to the Grand Jury for internal investigation if there's enough evidence of these charges same and similar offense as lesser crime and sentenced to life with a mistrial and see the date of disposition 12-29-2000 stated found guilty by the jury and the pages 2 dated 12-19-2000 "C42 – Heard – Mistrial."

*As to Public Defenders Dyke Huish and Danni Murphy:*

There's no cross-examination at all, but allowing the prosecutors to argue false evidence that the police report had submitted to the prosecutors not even having a probation report or a forensic expert to be present during jury trial. The Judge that was in jury trial, he was not the Judge that sentenced me and was not even mention his name, see the case summary. I'd attached copies to support my claim that these charges range 3-6-8 and because of prior prison and habitual offender that never occurred sentenced me to life and I'd never been in prison before, but these two public defenders never object, instead given incorrect advice with regards of sentencing guidelines.

**Claim #2 – Access to the Court**

*As to Brian Cates, Warden:*

He knows his responsibilities with regards of the executive order when it comes to criminal procedure, see attached copies exhibit A. When I filed 602 to the grievance office, they can't even provide my request to have Privacy Act information, but instead recommended for resentencing, because the court nor the District Attorney's Office never submitted any report for retention to the CDCR Central File, that both parties violated my constitutional rights by not following the criminal procedure, and I'm here in prison for 23 years receiving punishment and got injury in my work as trash crew that the heavy bar hit my head got cut full

of blood that can't stop until sending me to clinic without proper care no MRI and I'm suffering headache every day until now. I'm also detected positive with Covid-19.

### *As to CDCR:*

Parole board knows that these two charges same and similar offense range 3-6-8 but kept on holding me here even though my control date 05-20-2012 and time remaining 0 days and no accuracy due to the violation of criminal procedure that both parties violated my constitutional rights.

**Relief Requested:**

Having a mistrial in Jury Trial dated 12-19-2000 as attached copies and was fabricated statement by the prosecutors in the same date 12-19-2000 disposition that the jury found guilty and sentenced to life with the Range 3-6-8 because of prior prison and habitual offender that never occurred violated the sentencing guidelines U.S.S.G. amended 1998-99 and also their immunity, absolute & Qualify. I'm requesting the court to subpoena or summons the defendants and will challenge them in the civil court with records of monetary damages and injunctive relief. For this mistrial sending to prison was never happen in the history of U.S.A. but abused of power and racial justice. PC 1382.

Plaintiff seeks declaratory relief and a preliminary and permanent injunction ordering defendants Huish, Brooks-Gary, and Brian Cates, to invalidate their immunity absolute & qualified and to summons or subpoena these defendants. Plaintiff also requests monetary damages and costs of suit.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

    **A.**    **Due Process Claims Barred by Heck v. Humphrey**

Plaintiff seeks to bring a due process claim against the Orange County Superior Court concerning his criminal sentence and conviction.  He complains of conduct by the prosecutors and public defenders during grand jury and trial proceedings, which resulted in his conviction

5

and life sentence. Plaintiff challenges the charges against him and alleges that his case ended in a mistrial, as shown by court documents he attaches as evidence. He also alleges that the Parole Board caused him to be held in prison in violation of criminal procedures.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff challenges the legality and duration of his custody and raises challenges which could entitle him to an earlier release. However, Plaintiff's Complaint does not contain any allegations showing that his conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Therefore, Plaintiff's claims concerning his conviction and sentence are barred by Heck v. Humphrey and must be dismissed from this § 1983 case, without prejudice to filing a petition for habeas corpus.

### B.     **Prison Appeals Process – Access to Courts**

Plaintiff alleges that the Warden is responsible for Plaintiff's inability to obtain Privacy Act information using the 602 appeal process. However, Plaintiff brings no allegations of personal conduct by the Warden that violated his rights to access the courts.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of

action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that defendant Warden Brian Cates failed to properly process Plaintiff's 602 appeals fails to state a cognizable claim.

///

**B.     Injury and Medical Care at Prison – Eighth Amendment**

Plaintiff alleges that while working at the prison he hit his head causing him to bleed uncontrollably until he obtained medical care. However, none of Plaintiff's allegations concerning this incident state a claim for inadequate prison conditions or inadequate medical care. Plaintiff's allegations fail to show deliberate indifference by any of the defendants causing him injury or depriving him of medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the

official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has shown that he has a serious medical need because his head was injured and bleeding requiring medical treatment. However, Plaintiff has not shown that any of the Defendants acted against him with deliberate indifference. Plaintiff has not shown that any Defendant who knew about his serious medical need also knew that he was at substantial risk of serious harm, and yet ignored the risk or acted unreasonably, causing harm to Plaintiff's health.

Therefore, Plaintiff fails to state a medical claim against any of the Defendants.

## IV.    CONCLUSION AND RECOMMENDATIONS

The court has found that Plaintiff's Second Amended Complaint fails to state a § 1983 claim upon which relief can be granted, and that Plaintiff is also barred by Heck and Balisok from pursuing some of his claims in this case under § 1983. Plaintiff's § 1983 case should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further

leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).   Therefore, Plaintiff's § 1983 case should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's case be DISMISSED for failure to state a § 1983 claim and as barred by the favorable termination rule of Heck and Balisok, without prejudice to filing a petition for writ of habeas corpus; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2022**                             **/s/ Gary S. Austin**
                                                                               UNITED STATES MAGISTRATE JUDGE